**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CONCORDIA TRUST POWER OF ATTORNEY FOR ANDRE LINDSEY**, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:12-CV-1804-L** |
| § | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION**, § § § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

On July 19, 2012, the court issued an Order Requiring Attorney Conference and Status Report ("Status Report Order") in this case. In the Status Report Order, the court ordered the parties to confer to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of the case; (2) make or arrange for the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure; and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)-(4). No later than August 20, 2012, by 5:00 p.m., the parties were to submit a Status Report ("Report") that set forth the discovery plan proposed by the parties and any objections a party had to initial disclosures required by Rule 26(a)(1). Plaintiff has taken no steps or action to confer as the court ordered, and the court has not received any input from Plaintiff. To date, the court has only heard from Defendant.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has failed to comply with the court's Status

**Memorandum Opinion and Order - Page 1**

Report Order of July 19, 2012. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation in footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin,* 756 F.2d at 401 (quoting *Rogers v. Kroger,* 669 F.2d 317, 321-22 (5th Cir. 1982)). The parties and their counsel were specifically warned that sanctions, including dismissal, could be imposed for failure to comply with the court's Status Report Order. Sanctions are appropriate in this case.

The court notes that Plaintiff did not respond to Defendant's Motion to Dismiss, which was filed on June 15, 2012. Thus, not only has Plaintiff failed to comply with a valid court order, Plaintiff is not prosecuting this action. The court does not know the bases for Plaintiff's failure to comply with the court's order and to prosecute this action. In any event, finding no record of purposeful delay or contumacious conduct, the court **dismisses without prejudice** this action, which

**Memorandum Opinion and Order - Page 2**

is an appropriate sanction for the Plaintiff's failure to comply with the court's Status Report Order.

**It is so ordered** this 27th day of August, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 3**